1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

NORRIS JOHNSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 22-cv-1188-BAS-AGS

**ORDER:**

**(1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2);**

**(2) DISMISSING ACTION WITHOUT PREJUDICE; and**

**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)**

Plaintiff Norris Johnson is proceeding *pro se*—without an attorney.  (*See* Compl., ECF No. 1.)  He commenced this instant action against Defendant United States on August 12, 2022.  (*Id.*)  The Complaint itself does not state the facts of his case, how Defendant was involved, or what Defendant did that caused Plaintiff to file this suit against it.  (*Id.* § II.)  However, based upon the Complaint's attachments, Plaintiff appears to allege he was the victim of Defendant's medical malpractice while a patient at a Veterans Health

- 1 -

Administration-run hospital. He seeks an order directing Defendant "to bring forth evidence that [he] know[s] [it] is hiding that proves [his] case" and "monetary damages." (*Id.* § III.) Plaintiff also moves to proceed *in forma pauperis* ("IFP") and for appointment of counsel. (IFP App., ECF No. 2; Mot. to Appoint Counsel ("Mot."), ECF No. 3.)

For the following reasons, the Court **DENIES** Plaintiff's IFP Application, **DENIES** the Motion to Appoint Counsel, and **DISMISSES THE ACTION WITHOUT PREJUDICE**.

## I.   IFP APPLICATION

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment.[1] The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).

It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to ensure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

22cv1188

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See*, *e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) (finding that the district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[IFP] status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, Nos. C-91-1635-VRW, C-93-1479-VRW, C-94-4162-VRW, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed IFP should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's IFP Application, the Court cannot find Plaintiff meets the indigency requirements in 28 U.S.C. § 1915 for IFP status. Though Plaintiff is not employed, he indicates that he receives $3,729.64 per month—that is, $44,755.68 per year—in "Disability" payments and an additional $37 per month in "Public-assistance." (IFP App. at 2.) While Plaintiff attests that his monthly expenses are approximately equal to his monthly income, he also attests that he has $6,018.35 in a checking account and an additional $200.15 in a savings account. (*Id.*) Hence, Plaintiff has adequate funds to pay the filing fee. *See Mares v. Berryhill*, No. 19-CV-2803-REB, 2019 WL 13204742, at *1 (D. Colo. Oct. 7, 2019) (finding plaintiff who had a net income of $170 per month and $866 in a checking account could not qualify for IFP status). Therefore, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life.

Accordingly, the Court **DENIES** Plaintiff's IFP Application (ECF No. 2).

//

//

22cv1188

## II.    MOTION TO APPOINT COUNSEL

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1).  (Mot., ECF No. 3.)  However, a motion to appoint counsel pursuant to § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  The Court may not appoint counsel until Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, *or* he has satisfied the requisite filing fee.  Plaintiff is further cautioned that the decision to appoint counsel is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Because Plaintiff is not entitled to proceed IFP pursuant to § 1915(a), *see supra* Sec. I, he is also not entitled to the appointment of counsel under § 1915(e)(1).  Therefore, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.  (ECF No. 3.)

## III.    CONCLUSION

Based on the foregoing the Court:

1) **DENIES** Plaintiff's IFP Application (ECF No 2) and Motion to Appoint Counsel (ECF No. 3);

2) **DISMISSES** the civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of Court to **CLOSE** the case.  Plaintiff may re-open this case only if he pays the full $402 civil and administrative fee required by 28 U.S.C. § 1914(a) **on or before November 18, 2022**.

**IT IS SO ORDERED.**

**DATED: October 14, 2022**

**Hon. Cynthia Bashant**
**United States District Judge**

22cv1188