# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS M. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 22-cv-1188-BAS-AGS <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO SHOW CAUSE** |

Plaintiff Norris M. Johnson commenced this action on August 12, 2022, appearing to allege he is the victim of Defendant United States' medical malpractice while he was a patient at a Veterans Health Administration-run hospital. (Compl., ECF No. 1.) He also moved to proceed *in forma pauperis* ("IFP") and for appointment of counsel. (ECF Nos. 2 & 3.) The Court denied Johnson's request to proceed IFP, finding he failed to show he meets the indigency requirements set forth in 28 U.S.C. § 1915, and denied Johnson's request for appointment of counsel and dismissed without prejudice his Complaint for that reason. (Order at 3, ECF No. 3.) However, the Court opined Johnson could "re-open this case . . . if he pays the full $402 civil and administrative fee required by 28 U.S.C. 1914(a)" by a date certain. (*Id.*)

Johnson paid the requisite filing fee on November 4, 2022, thereby reinstating the action and prompting a summons to issue. (ECF No. 5.) Because Johnson is no longer

proceeding IFP, the pre-answer screening required by 28 U.S.C. § 1915(e)(2)(B) is inapplicable to the Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). Rather, Federal Rule of Civil Procedure ("Rule") 4(m) requires Johnson to serve his Complaint upon Defendant United States within 90 days. In this case, Johnson's deadline to effect service—measured from the day on which Johnson reinstated the instant action and the summons issued—was February 2, 2023.

Johnson did not serve the United States on or before his deadline to do so. Thus, this Court ordered Johnson to show cause why his case should not be dismissed for failure to prosecute under Rule 41(b) and pursuant to this Court's inherent authority. It explained Johnson could show cause "**by no later than February 24, 2023**," either by "(1) completing service pursuant to Rule 4(i)(1) and filing proof thereof *or* (2) requesting an extension of time to do so." (Order to Show Cause ("OSC") at 2, ECF No. 6.) And it warned Johnson his action would be dismissed if he ignored the Order to Show Cause. (*Id.*) February 24, 2023 has come and gone, yet Johnson has not attempted to comply with this Court's Order to Show Cause.

It is well-settled that a district court may dismiss a plaintiff's action for failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). Although due process generally requires that a plaintiff have notice and opportunity to be heard before dismissal, when a plaintiff may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity of advance notice and a hearing. *Link*, 370 U.S. at 630–32.

"Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Thus, to determine whether dismissal under its inherent authority is appropriate, "the district court must weigh five

factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy of favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260–61 (internal quotations omitted). Generally, these five factors weigh in favor of *sua sponte* dismissal where a plaintiff has failed to prosecute a case or comply with an order of the court. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

Here, the above-mentioned factors weigh decisively in favor of dismissal because Johnson has not demonstrated compliance with the service requirements under the Federal Rules of Civil Procedure or this Court's Order to Show Cause.

<u>Public's Interest in Expeditious Resolution</u>: "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In this case, Johnson's inaction has undermined expeditious resolution. It has been approximately seven months since Johnson initiated this action and four months since a summons issued, yet there has been no demonstration by Johnson that the adverse party was properly served. The Court's attempt to prompt Johnson to complete this step has been met with silence. The Court cannot await indefinitely Johnson's response to the Court's directive to file a proof of service. Thus, the Court finds that this factor weighs in favor of dismissal.

<u>Court's Need to Manage its Docket</u>: A district court is best positioned to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). The Court finds that Johnson's failure to complete the fundamental step of showing proof of service—despite the Court's Order to Show Cause—has resulted in a continued delay in the prosecution of this case and has "impermissibly allowed [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cty. of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan*, 291 F.3d at 642 ("It is

incumbent on the Court to manage its docket without being subject to routine noncompliance of litigants.")). Consequently , this factor weighs in favor of dismissal.

Prejudice to Defendant: "To prove prejudice, a defendant must establish that [a] plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "The pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant," prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1552–53 (9th Cir. 1994); *see also Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

"Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for default." *Malone*, 833 F.2d at 131. Johnson did not respond to the Order to Show Cause, thus, his reasons for failing to prosecute are unknown. *See Garcia v. Fed. Bureau of Prisons*, No. 5:19-CV-00008-PSG-MAA, 2019 WL 6040412, at *4 (C.D. Cal. Oct. 21, 2019) (Report & Recommendation), *adopted*, 2019 WL 6039943 (C.D. Cal. Nov. 12, 2019). Because the presumption of prejudice arises from a plaintiff's unexplained failure to prosecute, the third factor favors dismissal. *See id.* at *4 (citing *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002)).

Public Policy: Public policy always favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. Thus, the Court recognizes that this factor weighs against dismissal.

Availability of Less Drastic Alternatives: In assessing this factor, the Court considers whether alternatives less drastic than dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262.

When it issued its Order to Show Cause, this Court afforded Johnson with a less drastic alternative to dismissal. It did so by extending the 90-day period delineated under Rule 4(m) to show proof of service and warning Johnson of the consequences failure to do so would entail. As mentioned above, the Order to Show Cause was met with silence. After 123 days without Johnson's filing of proof of service, this Court concludes that less drastic alternatives to dismissal are not available in these circumstances.

On balance, four out of five factors weigh in favor of dismissal. Accordingly, the Court exercises its inherent authority to dismiss the Complaint without prejudice. *See O'Brien v. Visa USA, Inc.*, 225 F. App'x 677, 678 (9th Cir. 2007) (affirming dismissal for failure to prosecute where plaintiff "did not establish that he served process on any defendant within" the time period prescribed in Rule 4(m)); *Shakar R. v. Saul*, No. 5:19-CV-01716 FMO (ADS), 2020 WL 2319877, at *1 (C.D. Cal. May 11, 2020) (dismissing for failure to file a proof of service or comply with an OSC requiring the same).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this civil action in its entirety based on Johnson's failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and his failure to comply with this Court's Order to Show Cause. The Court Clerk is directed to close this case.

**IT IS SO ORDERED.**

**DATED: March 7, 2023**

Hon. Cynthia Bashant
United States District Judge